IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
STEPHEN CELENTO,             )
                             )
          Plaintiff,         )   Civil Action No. 05-478
                             )
     v.                      )   Chief Judge Ambrose
                             )   Magistrate Judge Caiazza
MON RIVER TOWING, INC.,      )
                             )
          Defendant.         )
```

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

In this Jones Act case, the Defendant seeks summary judgment on the basis that the Plaintiff "lost his balance and fell" from its barge, rather than falling as a result of the employer's negligence. *See* Def.'s Mot. and Mem. (Doc. 14) at 2 ("no action or inaction on the part [of the Defendant] or its employees . . . caused or contributed in any degree to Plaintiff's fall and related injuries").

Under the Jones Act, summary judgment rarely is the appropriate vehicle for resolving the issue of causation. As the Court of Appeals for the Third Circuit has explained:

> Though a plaintiff alleging claims under the Jones Act must prove the traditional elements of negligence . . .[,] the standard of proof for causation . . . is relaxed, sometimes termed 'featherweight.' . . . Causation is satisfied if the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury. . . .

> Because . . . a trial court can direct a jury
> verdict against a plaintiff only in those
> extremely rare instances where there is a
> <u>zero probability</u> . . . of employer negligence
> or that any such negligence contributed to
> the injury of an employee, . . . this Court
> has stressed that cases involving injuries to
> seamen . . . are almost always appropriate
> for the jury.

<u>Fasold v. Delaware River & Bay Auth.</u>, 2004 WL 2943974, *1 (3d Cir. Dec. 21, 2004) (citing and quoting published Third Circuit authority) (most internal quotations omitted, emphasis in original).

This is not one of those rare cases where summary judgment is appropriate. *Compare* Pl.'s Opp'n Br. at 2-5 (identifying material issues of fact regarding adequacy of Plaintiff's training[1] and his supervision[2]) *with, e.g.,* <u>Figueiras v. F/V Tremont</u>, 1993 WL 210729, *2 (9th Cir. Jun. 16, 1993) (reversing entry of summary judgment in favor of defendant, based on plaintiff's theories that employer "fail[ed] to train him properly" and "[inadequately] staff[ed] . . . the crew"; "[c]ourts should exercise special care in considering summary judgment" because Jones Act "require[s] a very low evidentiary

---

[1] *See, e.g.,* Pl.'s Opp'n Br. at 2, 4 (summarizing Plaintiff's testimony that he was promoted to "lead man" position because seasoned member of crew was off sick; he had no prior experience as lead man and minimal training for position; and even advised captain he was not prepared for position's responsibilities).

[2] *See, e.g., id.* at 4-5 (captain assisted Plaintiff in making first two locks, but not the different and more difficult third lock, where accident occurred; captain also drove vessel twice as fast as did person operating it during Plaintiff's assisted passage through first two locks).

threshold for submission to a jury"); *see also, e.g.*, Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 599-600 (6th Cir. 2001) *and* Johnson v. Arctic Storm Inc., 2004 WL 1153687, *2 (9th Cir. May 24, 2004) (implicitly recognizing, through affirmance of bench trial rulings, that adequacy of employee training is question for fact finder).[3]

The Defendant's Motion for Summary Judgment (Doc. 14) should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by September 11, 2006.  Responses to objections are due by September 21, 2006.

August 25, 2006

cc (via email):

Jonathan M. Kamin, Esq.
William R. Ellis, Esq.

/s/ Francis X. Caiazza
Francis X. Caiazza
U.S. Magistrate Judge

---

[3] The undersigned is cognizant that, at least in some respects, Mr. Celento's recent affidavit deviates from his previous sworn testimony. *Compare, e.g.*, Pl.'s Aff. (attached as Ex. 1 to Doc. 18) at ¶¶ 30-33 (stating captain bumped vessel into guide wall of lock) *with* Pl.'s Dep. Tr. (attached as Ex. 2 to Doc. 18) at 36-37 (stating it was "possible" vessel hit wall, but admitting "I have no idea what caused me to fall").  Defense counsel has failed to demonstrate, however, that such discrepancies extend to the Plaintiff's theories of inadequate training and supervision. *Cf.* Ex. 1 to Doc. 21 (counsel's chart comparing Plaintiff's affidavit with his deposition testimony, failing to establish clear discrepancies regarding training or speed of vessel).