IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
STEPHEN CELENTO,              )
                              )
          Plaintiff,          )    Civil Action No. 05-478
                              )
     v.                       )    Chief Judge Ambrose
                              )    Magistrate Judge Caiazza
MON RIVER TOWING, INC.,       )
                              )
          Defendant.          )
```

**MEMORANDUM AND ORDER**

**I.   MEMORANDUM**

For the reasons that follow, the Defendant's Motions to exclude the Plaintiff's recently identified expert witnesses (Docs. 33, 35 & 37) will be denied, and the parties will be ordered to participate in a telephone conference to establish an expert discovery schedule.

Defense counsel complains that the new experts were not identified during the discovery phase, which closed in November 2005. Plaintiff's counsel responds that the identification of experts was not addressed by court order and that, under the circumstances, Federal Rule 26(a)(2)(C) requires the disclosures to be made "at least 90 days before the trial date or the date the case is to be ready for trial." *See id.* Counsel argues that, because no trial date has been given, the Plaintiff's identification of new experts is appropriate.

Viewing the record as a whole, Plaintiff counsel's approach is somewhat precarious. For while the court's Order setting the discovery deadline did not specify it applied to expert as well as fact discovery, this certainly would have been a reasonable interpretation. *See generally* W.D. Pa. Local R. 16.1.2(A)(2) ("[a]t the initial scheduling conference," court "shall enter an initial scheduling order" setting dates for "[c]ompletion of fact and expert discovery including the dates for expert disclosures"). At a minimum, counsel should have inquired further regarding the expert deadlines rather than presuming they later would be scheduled.

The Plaintiff's position also is inconsistent with the parties' previous handling of experts. In a Motion filed back in February of this year, the Defendant raised the issue of timely expert identification in seeking to preclude the testimony of Captain Lowell Bailey. *See* Def.'s Mot. (Doc. 10) at 2-3 (summarizing Plaintiff counsel's representations that Bailey's report would be submitted in February 2006). Although Defense counsel ultimately withdrew the Motion, the parties appeared to have settled on the parameters for expert discovery. *See generally* Def.'s Br. (Doc. 33) at 2-3 (noting Defendant's agreement not to object to Bailey on timeliness grounds if Plaintiff promptly provided his expert report).

Finally, the Plaintiff's reliance on Federal Rule 26(a)(2)(C) is inconsistent with the procedural posture of this case.  The Rule requires the disclosure of experts "at least 90 days before . . . the date the case is to be ready for trial." *See id.*  Summary judgment issues were resolved in September 2006.  The same month, the court filed a Third Case Management Order directing that pretrial statements be filed in October and November and setting a final settlement conference for early December 2006.  *See id.* (Doc. 30).  As of September 2006, then, the parties had reason to believe the case was "ready for trial" as early as December 2006.  *See* Fed. R. Civ. P. 26(a)(2)(C).  None of the subject expert reports were submitted more than 90 days before then.[1]

These things being said, the court must concede that the guidelines for expert discovery could have been made clearer.  *See generally* 1st Case Management Order (Doc. 7) (setting discovery deadline but failing to specify it applied to both fact and expert discovery). In addition, it is probably fair to assume that Plaintiff counsel's was at least somewhat distracted by the

---

[1]  To be sure, the court vacated its pretrial statement deadlines and final settlement conference to allow the parties to mediate.  *See* text-only Order dated Oct. 11, 2006.  The fact remains, though, that counsel became aware in September 2006 that the court viewed the case as being ready for trial as early as December 2006.

parties' attempts at mediation.[2]

Finally, the court must remain mindful that, behind the efforts of counsel, lies an individual who was been seriously injured and deserves a full presentation of his claims.

For all of these reasons, the parties will be ordered to participate in a telephone conference to discuss expert discovery, consistent with the following:

- The Plaintiff may not identify any more expert witnesses;

- Counsel shall make all reasonable, good faith efforts to expedite discovery and provide full cooperation to this end;

- In advance of the conference, the Plaintiff shall ensure compliance with Federal Rule 26(a)(2) regarding his experts;[3]

- Defense counsel will be afforded the opportunity to depose the Plaintiff's experts and seek production of supporting materials, as appropriate;

- The Defendant will be permitted to identify and submit the report(s) of rebuttal expert(s);

- The Plaintiff may take discovery regarding the Defendant's rebuttal expert(s); and

---

[2] As to the current dispute, the parties' mediation cuts both ways. On one hand, Plaintiff's counsel may have delayed expert discovery to avoid the expenditure of substantial resources in a case the parties believed could be amicably resolved. On the other hand, the Plaintiff's failure to fully develop his expert evidence prior to the mediation may have hindered the participants' accurate assessment of the case. The court encourages the parties to consider, at the close of expert discovery, whether further mediation efforts are appropriate.

[3] *See generally* Def.'s Br. (Doc. 36) at 4 *and* Br. (Doc. 38) at 3 (experts' prior testimony, credentials, and bases for opinions have not been provided).

- At the close of expert discovery, the parties may petition the court for exclusion of expert testimony under *Daubert*/Federal Rule of Evidence 702.

Consistent with the foregoing, the court hereby enters the following:

## II.  ORDER

The Defendants' Motions to exclude the Plaintiff's expert witnesses (**Docs. 33, 35 & 37**) are **DENIED,** and the parties shall participate in a telephone conference on **Wednesday, December 20, 2006 at 10:30 a.m.** to discuss an expert discovery plan.  Counsel shall assure that they reach the undersigned's chambers on a single telephone line at the date and time scheduled above.[4]

THESE THINGS ARE SO ORDERED.

December 13, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Jonathan M. Kamin, Esq.
William R. Ellis, Esq.
V. Brandon McGrath, Esq.

---

[4] The court will allow counsel to participate by telephone for their convenience.  If the prospect of additional expert discovery and motions practice rekindles any interest in settlement, counsel may agree to appear in person for court-guided negotiations.  Should such an agreement be reached, counsel should (a) advise the court so that appropriate accommodations can be made, and (b) ensure that their clients are available by phone to provide final settlement authority.