IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
STEPHEN CELENTO,            )
                            )
        Plaintiff,          )    Civil Action No. 05-478
                            )
   v.                       )    Chief Judge Ambrose
                            )    Magistrate Judge Caiazza
MON RIVER TOWING, INC.,     )
                            )
        Defendant.          )
```

**ORDER**

The Defendant's Motion to bifurcate liability and damages at trial (Doc. 44) will be denied.[1]

The court does not agree with Defense counsel that the Plaintiff presents "a precariously thin liability case." *Compare* Def.'s Br. (Doc. 45) at 1 (stating same and suggesting failure to bifurcate would unduly prejudice Defendant) *with* R&R dated Aug. 25, 2006 (Doc. 22) (recommending denial of summary judgment based on questions "regarding [the] adequacy of [the] Plaintiff's training and his supervision") (footnotes omitted), *adopted by Dist. Ct.* through Mem. Order dated Sept. 25, 2006 (Doc. 28).

As to efficiency and judicial economy, the Defendant has failed to show how this case is any different from the run-of-the-mill Jones Act case. *Compare, e.g.,* Def.'s Br. at 1 (positing that, because liability case is so weak, "a trial on

---

[1] The undersigned possesses the authority to rule on the Defendant's request as a non-dispositive motion. *See, e.g.*, Guaranty Corp. v. National Union Fire Ins. Co. of Pgh., Pa., 1993 WL 17694, *2 (E.D. La. Jan. 21, 1993) (holding same).

the damages issue will likely not be needed") *with* discussion *supra* (rejecting notion that Plaintiff has put forth weak evidence regarding liability).[2]

For these reasons, the Defendant's Motion to bifurcate (**Doc. 44**) is hereby **DENIED**.

IT IS SO ORDERED.

January 10, 2007

cc (via email):

Jonathan M. Kamin, Esq.
William R. Ellis, Esq.

Francis X. Caiazza
U.S. Magistrate Judge

---

[2] Defense counsel notes that "[t]he evidence related to the liability issue is not relevant to," and is "independent from[,] the evidence necessary for the Plaintiff to prove damages." *See* Def.'s Br. at 4. Even assuming this to be true, experience dictates that such is often the case in Jones Act litigation. The Plaintiff's lawsuit presents little out of the ordinary, and the Defendant has identified insufficient grounds for deviating from the norm. *See generally* Fetz v. E & L Truck Rental Co., 670 F. Supp. 261, 266 (S.D. Ind. 1987) ("[b]ifurcation will normally only shorten the total length of a trial if the defendant prevails on the question of liability," and "the norm for federal civil cases is still a unified trial of liability and damages").